**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 2:18-cr-20373-MSN-tmp

MICHAEL THOMPSON,

    Defendant.

**ORDER ADOPTING (ECF No. 81) REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge Tu M. Pham's (ECF No. 81) Report and Recommendation ("Report") on Defendant Michael Thompson's Motion to Suppress evidence seized from Thompson's blue Infiniti vehicle. (*See* ECF Nos. 36, 66). The Report recommends that the Court deny Thompson's Motion to Suppress as it relates to evidence seized during the search of Thompson's blue Infiniti. (ECF No. 52.) Thompson filed a Response to the Report on January 17, 2020, informing the Court that he would not be filing an objection. (ECF No. 84.) For the reasons set forth herein, the Court **ADOPTS** the Report and **DENIES** Thompson's Motion to Suppress evidence seized during the search of Thompson's blue Infiniti.

**LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the

district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

Here, the deadline to object to the Report has passed, and neither Plaintiff nor Thompson has filed objections. The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report and **DENIES** Thompson's Motion to Suppress evidence seized during the search of Thompson's blue Infiniti.

**IT IS SO ORDERED** this 11th day of February, 2020.

                 *s/ Mark Norris*
                 MARK S. NORRIS
                 UNITED STATES DISTRICT JUDGE